Martin, J.
The plaintiff obtained an injunction to stay the sale of a tract of land of his, under an execution issued on a judgment obtained by the Bank against Joseph Killian, Hezekiah Wheat, and himself, on an averment that the judgment is an absolute nullity, having been given through fraud and on forged signatures ; and he has brought the present suit to have the judgment annulled. The Bank pleaded the general issue ; especially denied any fraud, on its part, in obtaining the judgment; and pleaded prescription. It denied that the facts alleged in the plaintiff’s petition, came to his knowledge within the year preceding the inception of the present suit; and averred their insufficiency to support the injunction, because they might have been pleaded to the action in which the judgment enjoined was rendered.
There was a verdict for the plaintiff, and the judgment against Killian, Hezekiah Wheat and the plaintiff, so far as it related to the latter, was annulled. The Bank has appealed.
The Code of Practice provides, that when a judgment has been obtained through fraud on the part of the plaintiff, the action to annul it must be brought within the year after the fraud has been discovered. Art. 613. This is the very action which the plaintiff’ has brought, and on which he seeks the nullity of the judgment, averring that he discovered the fraud within one year.
The Bank expressly denies such discovery within the year. It therefore devolved on the plaintiff to prove it. The judgment was obtained on the 23d of November, 1839; and the plaintiff alleges, that he never had any knowledge of it until the 18th May, 1841. Notice of the judgment appears to have been given by the Sheriff to Killian in person; to Hezekiah Wheat, by leaving a copy of it with his mother; and to, the present plaintiff, by *95 leaving a copy of it with his wife. All this was done on the 2d of December, 1839, within ten days of the rendition of the judgment. This was a legal notice of the judgment to all; and if the judgment was obtained through the fraud of the Bank on the forgery of their signatures, the notice discovered to them the fraud of the Bank and the forgery of the signatures on the 2d of December, 1839, twenty-one months and twenty-three days before the 25th of October, 1841, the day on which the present suit was instituted, and seventeen months and sixteen days before the 18th of May, 1841, the day on which it is alleged, that the plaintiff was first informed of the judgment, a copy of which had been left with ills wife and his mother, (who was the mother of one of his co-defendants,) and personally served on the other. The knowledge of both of the plaintiff’s co-defendants is not denied ; and it is difficult to conclude, that a judgment against the present plaintiff, thus known to four persons intimately connected with him, did not come to his knowledge until almost a year and a half afterwards. The fact, however, has been attempted to be proved by the testimony of a member of the bar, who sioears, that he knows that the present plaintiff had no knowledge of the judgment until the 18th May, 1841; and that he is satisfied, that he knew nothing of the judgment until the 18th May, 1841. This is accompanied with an admission that the plaintiff cannot read writing, but can write his own name. The testimony of the member of the bar cannot safely be relied on, as it does not disclose the grounds of his knoioledge. In the case of Watson v. McAlister, 7 Mart. 370, we held, that the belief of the witness that the signature is genuine will not make proof of that fact, if he states no ground for his belief, as the having seen the person write, &e.
The witness swears he is satisfied, but does not state the ground of his satisfaction. Indeed, it is very difficult to imagine any proper ground for the knowledge of a negative fact. The gentleman, being a member of the profession, must have been conscious, that, if his knowledge resulted from what he had heard the plaintiff say, he deceived the court if he did not disclose that it had no other source, for then his knowledge could not be the ground of *96 our decision. The evidence of knowledge of the judgment, which results from the return of the Sheriff of the notices served on the three defendants, and from their relation to each other, and to the persons with whom copies were left for the two persons not personally served, in our opinion, greatly outweighs that which results from the testimony of the only witness who has been offered by the plaintiff. The plea of prescription ought to have prevailed.
It is, therefore, ordered, that the judgment be annulled, and reversed, the plaintiff’s petition for the nullity of the judgment enjoined dismissed, and the injunction dissolved ; and that the defendants recover from the plaintiff twenty per cent, as damages on the amount of the judgment enjoined; and the costs in both courts.